Case No. 14-51320

_____

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

MARGIE BRANDON,

                Plaintiff-Appellant

v.

THE SAGE CORPORATION,

                Defendant-Appellee

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
No. 5:12-CV-1118, Hon. David A. Ezra, Presiding

_____

UNOPPOSED MOTION OF *AMICUS CURIAE*
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
FOR LEAVE TO PARTICIPATE IN ORAL ARGUMENT
ON TIME CEDED BY PLAINTIFF-APPELLANT MARGIE BRANDON

_____

*Amicus Curiae* Equal Employment Opportunity Commission ("EEOC" or "Commission") moves for leave to participate in oral argument on five minutes of time ceded by Plaintiff-Appellant Margie Brandon ("Brandon"), pursuant to Fed. R. App. P. 27, 35, and 40. This case is calendared for argument before this Court on September 1, 2015. The grounds for the EEOC's request are as follows:

1.     The EEOC is the federal agency established by Congress to administer, interpret, and enforce the provisions of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e *et seq.*, and other federal anti-discrimination statutes.

2.     In this enforcement role, the EEOC frequently participates as an *amicus curiae* in the federal courts of appeals in cases that, like this one, raise important issues pertaining to effective enforcement of Title VII's protections from workplace discrimination. *See* Fed. R. App. P. 29 (permitting United States agencies, such as the EEOC, to file *amicus-curiae* briefs in the courts of appeals).

3.     In this case, the district court granted summary judgment to Defendant-Appellee The Sage Corporation ("Sage") on Brandon's Title VII retaliation claim because it concluded that Brandon could not establish a materially adverse action. The district court also reasoned that an individual, like Brandon, who opposes transgender discrimination, may have a "reasonable belief" that such discrimination violates Title VII's prohibition against discrimination "because of … sex." The district court rested this conclusion on the proposition that transgender individuals may bring sex discrimination claims based on a gender-stereotyping theory.

4.     This appeal poses the important question of what is necessary to establish a "reasonable belief" that discrimination occurred "because of … sex." Specifically,

it raises the question of whether an individual may have a reasonable belief that transgender discrimination violates Title VII because it is sex discrimination per se, rather than because transgender discrimination may qualify as sex discrimination based on a gender-stereotyping theory. This appeal also involves the critical issue of what constitutes a materially adverse action under *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

5. Because these issues are important to the effective enforcement of Title VII rights in the workplace, the EEOC offered its views to this Court as *amicus curiae* in a brief filed on April 22, 2015. For the same reasons, the Commission now seeks this Court's leave to participate in oral argument scheduled for September 1, 2015, on time ceded by Plaintiff-Appellant Brandon.

8. This Court has allowed the EEOC to participate in oral argument as *amicus curiae* numerous times in appeals addressing federal anti-discrimination protections, including, in recent years, *Johnson v. Maestri-Murrell Property Management, LLC*, 487 F. App'x 134 (5th Cir. 2012) (Title VII race discrimination), and *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435 (5th Cir. 2011) (Title VII hostile work environment). Also, of particular relevance to the present case, in *Cherry v. Shaw Coastal, Inc.*, 668 F.3d 182 (5th Cir. 2012), this Court granted the EEOC leave to present oral argument in an appeal raising the issue of whether harassment occurred "because of … sex."

7. The EEOC has also participated as *amicus curiae* in oral arguments in other United States courts of appeals in matters posing issues similar to those raised here. *See, e.g.*, *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015) (en banc) (reasonable belief); *Bertsch v. Overstock.com*, 684 F.3d 1023 (10th Cir. 2012) (materially adverse action under *Burlington Northern*); *see also DeMasters v. Carilion Clinic*, No. 13-2278 (4th Cir.) (reasonable belief); *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, No. 12-2217 (7th Cir.) (materially adverse action under *Burlington Northern*).

8. Brandon's counsel, Peter Renn and Robert Smith, represented that Brandon consents to the EEOC's participation in oral argument and cedes five (5) minutes of her argument time to the EEOC for this purpose.

9. Sage's counsel, John Hawkins, represented that Sage does not object to the EEOC's motion.

Accordingly, the Commission respectfully requests leave to participate in the oral argument in this appeal, scheduled before this Court on September 1, 2015, using five (5) minutes of time ceded by Plaintiff-Appellant Brandon.

                Respectfully submitted,

                P. DAVID LOPEZ
                General Counsel

                                      JENNIFER S. GOLDSTEIN
                                      Associate General Counsel

                                      LORRAINE C. DAVIS
                                      Assistant General Counsel

                                      s/ Anne W. King_____
                                      ANNE W. KING
                                      Attorney
                                      U.S. EQUAL EMPLOYMENT
                                          OPPORTUNITY COMMISSION
                                      Office of General Counsel
                                      131 M St. NE, Fifth Floor
                                      Washington, DC 20507
                                      (202) 663-4699
                                      anne.king@eeoc.gov

Dated: July 30, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2015, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the CM/ECF system, which will transmit a Notice of Electronic Filing to all participants in this case, who are all registered CM/ECF users.

                                               s/ Anne W. King
                                               ANNE W. KING
                                               Attorney for the Equal Employment
                                               Opportunity Commission

                                               U.S. EQUAL EMPLOYMENT
                                                OPPORTUNITY COMMISSION
                                               Office of General Counsel
                                               131 M St. NE, Fifth Floor
                                               Washington, DC 20507
                                               (202) 663-4699
                                               anne.king@eeoc.gov